

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 21 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | |
|---|---|
| **HARRY SWALES, COREY LILLY, and KYLE SHETTLES** on behalf of themselves and all others similarly situated, | Civil Action No.: _3:17cv 490 CWR-LRA_ |
| **Plaintiffs,** | |
| v. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **KLLM TRANSPORT SERVICES, LLC, and DOES 1-25** | |
| **Defendants.** | |

Harry Swales, Corey Lilly, and Kyle Shettles, ("Plaintiffs"), on behalf of themselves and those similarly situated, by and through their undersigned attorneys, hereby make the following allegations against Defendant KLLM Transport Services, LLC, and Does 1 through 25 ("Defendant") concerning its acts and status upon actual knowledge and concerning all other matters upon information, belief, and the investigation of their counsel:

### NATURE OF ACTION

1.      Plaintiffs bring the present action to seek redress for Defendant's violations of the Fair Labor Standards Act ("FLSA").

2.      The factual circumstances here are as follows: Defendant KLLM Transport Services, LLC has engaged in a pattern and practice of taking advantage of its truck drivers by misclassifying them as independent contractors and improperly shifting the costs of doing business, while completely controlling the means and manner by which the truck drivers perform their job duties.

1

3.     Defendant has, at all times relevant herein, misclassified Plaintiffs and similarly situated individuals nationwide as independent contractors, and refused and failed to pay them at least the minimum wage for all hours worked.  Specifically, Defendant has intentionally required that Plaintiffs and similarly situated individuals cover the costs of operating Defendant's business, (including but not limited to the costs of fuel and truck maintenance), willfully reducing the wages of Plaintiffs and those similarly situated to a rate below the federally mandated minimum wage.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because this civil action arises under federal law of the United States, 29 U.S.C. § 201 *et seq.*

5.     This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional norms of fair play and substantial justice.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

7.     Plaintiff Kyle Shettles is an adult individual residing at 4927 Cairo Loop, Ecru, Mississippi 38841.

8.     Named Plaintiff Corey Lilly is an adult individual residing at 206 Atyla St., Longview, TX 75604.

9.     Named Plaintiff Harry Swales is an adult individual residing at 6 Spectrum Drive, Newark, Delaware 19713.

2

10.     Defendant KLLM Transport Services, LLC is a limited liability company formed in the State of Texas with its principal place of business at 135 Riverview Drive, Jackson, MS 39218. Defendant KLLM Transport Services, LLC provides over-the-road carrier services throughout the United States.

11.     Defendants DOES 1 through 25 are presently unknown persons and/or entities who had control over the wages, hours, and payroll of Plaintiffs and similarly situated individuals.

12.     At all times relevant herein, Defendants acted by and through their agents and employees, each of whom acted in the course and scope of their employment with Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

14.     Plaintiffs bring this action for violations of the FLSA as both an individual and collective action on behalf of Plaintiffs and all persons who performed work as truck drivers under Defendant's owner-operator and/or lease-purchaser program and were designated as "independent contractors" by Defendant at any time during the period from three years prior to filing of the complaint to the present ("collective members"). Plaintiffs bring this action pursuant to section 216(b) of the FLSA, 29 U.S.C. § 216(b).

15.     During all times relevant herein, Plaintiffs and collective members were subjected to an unlawful compensation system put in place by Defendant.

16.     During the relevant time period, Defendant has employed Plaintiffs and collective members as "lease-purchasers" and/or "owner-operators" and misclassified them as independent contractors.

3

17.     Plaintiffs and collective members are similarly situated.  During the relevant time period, they have held similar job titles, performed similar job duties, been payed under similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

18.     Plaintiffs and collective members are numerous. There are numerous similarly situated current and former employees of Defendant who have worked as "owner-operators" and/or "lease-purchasers" and been misclassified by Defendant and improperly compensated under the FLSA.  Each of these numerous individuals would benefit from notice of the present suit and the opportunity to join.

19.     Defendant maintains records of its "owner-operators" and/or "lease purchasers" and as such they are readily identifiable by Defendant.

20.     Therefore, Plaintiffs should be permitted to bring this action as a collective action on behalf of themselves and all other individuals similarly situated pursuant to the "opt-in" provisions of the FLSA.

## FACTUAL ALLEGATIONS

21.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

22.     Plaintiff Kyle Shettles worked for Defendant as an "owner-operator" and/or "lease-purchaser" from approximately October 2015 to January 2017, and was classified by Defendant as an independent contractor.

23.     Plaintiff Harry Swales worked for Defendant as an "owner-operator" and/or "lease-purchaser" from approximately July 2013 to July 2015, and was classified by Defendant as an independent contractor.

4

24.     Plaintiff Corey Lilly worked for Defendant as an "owner-operator" and/or "lease-purchaser" from approximately March 2016 to November 2016, and was classified by Defendant as an independent contractor.

25.     Defendant's primary business is the transport of goods/cargo by truck across the United States.

26.     Defendant is a motor carrier as defined by the Motor Carrier Act.

27.     Plaintiffs and collective members worked and/or work for Defendant as commercial truck drivers during the relevant time periods.

28.     Defendant has continued to misclassify its "owner-operators" and/or "lease-purchasers" during all relevant times through the present.

29.     Plaintiffs and collective members have been misclassified by Defendant as independent contractors during the covered period, and are/were in fact Defendant's employees under federal law.

**Misclassification of Owner-Operators and Lease-Purchasers as Independent Contractors**

30.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

31.     During the relevant time period, Defendant has engaged in a policy and practice of employing truck drivers and misclassifying them as independent contractors.

32.     During all relevant times herein, Defendant has controlled and directed Plaintiffs and collective members in the performance of their job duties.

33.     During all relevant times herein, Defendant has controlled the meaningful aspects of the business including customer flow and rates, effectively eliminating Plaintiffs and collective members' ability to function as independent economic entities.

5

34.     During all relevant times herein, Plaintiffs and collective members have entered into lease agreements with Defendant which require Plaintiffs and collective members to make large regular payments in return for the use of one of Defendant's trucks.  Leases extend for periods such as four to six years. Defendant deducts lease payments from Plaintiffs and collective members' wages.

35.     Plaintiffs and collective members do not gain equity in the trucks during the term of their lease with Defendant. Until an individual "owner-operator" and/or "lease-purchaser" reaches the end of the lease term and completes purchase of the truck, the "owner-operator" and/or "lease-purchaser" is essentially driving Defendant's equipment.

36.     Upon termination of Plaintiffs and collective members' employment with Defendant by either Plaintiffs and collective members or Defendant, the lease agreement also automatically terminates.  Defendant does not return the payments that were made toward the trucks.  Plaintiffs and collective members are not permitted to take the truck with them and continue making lease payments.

37.     Plaintiffs and collective members are compensated based on a number of factors unilaterally determined by Defendant, including but not limited to the distance a load must be hauled and the size and/or weight of the cargo.

38.     Defendant does not permit Plaintiffs and collective members to carry loads for independent companies that are/were not assigned by and/or through Defendant, even on days Plaintiffs and collective members are not assigned work from Defendant.

39.     Plaintiffs and collective members can only accept loads that have been assigned to them by Defendant.

40.     Defendant requires Plaintiffs and collective members to have and maintain particular onboard communications and tracing technology.

41.     The onboard communications and tracing technology enables Defendant to locate and track the trucks Plaintiffs and collective members drive at all times, and to better control the schedules and loads of Plaintiffs and collective members.

42.     Defendant assigns loads to Plaintiffs and collective members through its communications and dispatch system.

43.     Plaintiffs and collective members have/had little to no ability to refuse assigned loads.

44.     When Plaintiffs and collective members refuse loads, Defendant can and has required Plaintiffs and collective members to sit and wait days for another load, substantially decreasing the amount of money they are able to earn and endangering their ability to meet their lease payment obligations.

45.     As Plaintiffs and collective members were not permitted to accept loads or jobs from anyone other than Defendant, they had no meaningful opportunity to increase their business outside of what was offered by Defendant.

46.     Although Plaintiffs and collective members are required by law to hold commercial driving licenses, they are not required to have special skills uncommon to the over-the-road trucking industry.

47.     During all relevant times herein, Plaintiffs and collective members have performed the same or substantially similar job duties as are performed by company drivers employed directly by Defendant.

48.     Because Defendant controls the rates paid and the available loads, Plaintiffs and collective members can do little to increase their profits other than attempt to improve their efficiency within the bounds of the Motor Carrier Act.

49.     During all relevant times herein, Plaintiffs and collective members are/were economically dependent on Defendant.

50.     During all relevant times herein, Defendant directed, provided, and supervised the work performed by Plaintiffs and collective members on Defendant's behalf.

**Failure to Pay Plaintiffs and Collective Members Minimum Wages for All Hours Worked**

51.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

52.     Defendant's pay structure regularly caused Plaintiffs and collective members to make less than the minimum wage as set forth by section 206 of the Fair Labor Standards Act, 29 U.S.C. § 206.

53.     Defendant has a policy and practice of making regular deductions from Plaintiff and collective members' pay checks for items including but not limited to: lease payments, communications system rentals, and for an escrow account set aside to cover maintenance of the truck.

54.     Additionally, Defendant has failed to reimburse Plaintiffs and collective members for necessary and reasonable business expenses including but not limited to costs of fuel, lubricants, antifreeze, licenses, and insurance.

55.     Defendant's pay structure, including both deductions made and its failure to reimburse for all necessary and reasonable business expenses, regularly causes/caused Plaintiffs

and collective members to make wages amounting to less than the federal minimum wage of $7.25 per hour for all hours worked during a workweek.

## COUNT I

### Violation of the Fair Labor Standards Act ("FLSA")

### Failure to Pay Minimum Wages

56.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

57.     At all times relevant herein, Defendant was and continues to be an "employer" of Plaintiffs and collective members within the meaning of the FLSA.

58.     At all times relevant herein, Plaintiffs and collective members were/are "employees" within the meaning of the FLSA.

59.     At all times relevant herein, Defendant, as well as Plaintiffs and collective members, have been engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

60.     Section 201 of the FLSA, 29 U.S.C. §206,  requires employers to minimally compensate employees such as Plaintiffs and collective members at the federal minimum wage rate for all hours worked.

61.     Defendant has violated and continues to violate the FLSA by willfully failing to compensate Plaintiffs and collective members at least the federal minimum wage.

62.     As a result of Defendant's company-wide policy and practice of not paying Plaintiffs and collective members at least the federally mandated minimum wage for all hours worked, Plaintiffs and collective members have been harmed.

### JURY DEMAND

63.     Plaintiff hereby demands a trial by jury in the above captioned matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and collective members, respectfully seeks the following relief:

    a.   Judgment against Defendant;

    b.   All unpaid minimum wages;

    c.   Liquidated damages;

    d.   Litigation costs, expenses, and attorneys' fees; and

    e.   Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: June ___, 2017

J. Dudley Butler
Butler Farm and Ranch Law Group PLLC
499A Breakwater Drive
Benton, MS 39039
Tel: (662) 673-0091
jdb@farmandranchlaw.com

Gary E. Mason*
Danielle L. Perry*
WHITFIELD BRYSON & MASON, LLP
5101 Wisconsin Ave NW, Ste. 305
Washington, D.C. 20016
Tel: (202) 429-2290
gmason@wbmllp.com
dperry@wbmllp.com

*Additional counsel on next page*

Scott Kamber*
Jennifer Duffy*
Michael Aschenbrener*
KAMBERLAW LLP
425 15th Street, Unit 3459
Manhattan Beach, CA 90266-7337
Tel: (310) 714-9779
skamber@kamberlaw.com
jduffy@kamberlaw.com

*pro hac vice admission anticipated