# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| HARRY SWALES, COREY LILLY, KYLE SHETTLES, and JOHN MCGEE on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>v.<br><br>KLLM TRANSPORT SERVICES, LLC, and DOES 1-25<br><br>      Defendants.<br><br>*CONSOLIDATED FOR PURPOSES OF DISCOVERY WITH:*<br><br>**MARCUS BRENT JOWERS, and others similarly situated**<br><br>      Plaintiffs,<br>v.<br><br>KLLM TRANSPORT SERVICES, LLC<br><br>      Defendant. | Civil Action No.: 3:17-cv-490 DPJ-FKB<br><br>*Consolidated for discovery with:*<br><br>Civil Action No.: 3:17-cv-517 DPJ-FKB<br><br>**DEFENDANT'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Defendant, KLLM Transport Services, LLC ("Defendant") hereby propound this their Responses to Plaintiff's First Set of Interrogatories to Plaintiffs Harry Swales, Corey Lilly, Kyle Shettles, and John McGee, ("Plaintiffs"), pursuant to *Federal Rule of Civil Procedure 33, et seq.* as follows:

## DEFINITION OBJECTIONS

1.    Defendant objects to the Plaintiffs' first definition, that of "you" and "your," to the extent Plaintiffs attempt to define that term to include "consultants and attorneys." Therefore, throughout these answers and objections, Defendant will answer any question

1

while omitting any communication made by, from, or to "consultants and attorneys" to the extent such Interrogatory is attempting to seek information protected under the work-product doctrine and/or attorney-client privilege. Defendant moves to strike consultants and attorneys from said definitions.

2. Defendant objects to Plaintiffs' fifth definition, "Liability Period" in this request as the stated period is too broad and includes dates that are not within the potential period for eligible putative class members.

3. Defendant objects to the Plaintiffs' sixth definition, that of "documents," as being overly broad inasmuch as it attempts to broaden the parameters outside of its normal meaning, including but not limited to, the inclusion in Plaintiffs' definition of "phone messages" and "video recordings."

4. Defendant objects to the Plaintiffs' seventh definition, that of "policy manuals" and "manuals," as being overly broad inasmuch as it attempts to broaden the parameters outside of its normal understanding of those words and phrases to include "any document" distributed to all employees or drivers in the ordinary course of business because under that definition every scrap of paper ever created is implicated along with every single electronic communication ever made by the Defendant.

5. Defendant objects to the Plaintiffs' eighth definition, that of terms "reflect" and "refer to," as being overly broad, unduly burdensome, and not proportional to the needs of this case, as such proposed definitions could require each and every document or material currently in or ever in the possession of Defendant as any document or material could tenuously relate to any business practice discussed herein.

6. Defendant objects to the Plaintiffs' ninth definition, that of terms "relate" and "relates to," as being overly broad, unduly burdensome, and not proportional to the

needs of this case, as such proposed definitions could require each and every document or material currently in or ever in the possession of Defendant as any document or material could tenuously relate to any business practice discussed herein.

7. Defendant objects to the definition of "BUSINESS EXPENSE" as there is no way KLLM would know what was a "necessary expenditure or loss" by any given independent contractor in connection with his Independent Contractor Agreement. Defendants also object to the extent this definition incorporates Plaintiffs' contentions in a manner that Defendant might be admitting a contention by following the definition because it requires identification of expenses arising from "the discharge of your drivers' duties or of your drivers' obedience to your direction." Because KLLM denies any given driver is its driver in the sense used by the Plaintiff and denies that any independent contractor had to obey KLLM, then KLLM cannot respond to the term "BUSINESS EXPENSE" without a forced implied admission and using the term in a way foreign to its actual meaning. Plaintiffs have essentially defined an "apple" as actually meaning an "orange" and such is not the common manner of speaking or usage.   KLLM's response is based on the common understanding of the meaning of "business expense" and explicitly ignores Plaintiffs' definition.

8. Defendant objects to the joint use of the defined term "DRIVER" and "WORK" or "WORKED" together because as defined by the Plaintiff these two terms contradict each other in a way that make "DRIVERS WORKED" meaningless and ambiguous.

**INTERROGATORY NO. 1:**

State the total number of current and former DRIVERS (*the term "DRIVER(S)" refers to any and all persons who worked for YOU as truck drivers and were classified as an independent contractors*) who WORK or WORKED (*the terms "WORK(S),"*

3

*"WORKED," or "WORKING" means performing services on YOUR behalf, whether characterized as employee or independent contractor*) for YOU (*the term "YOU" or "YOUR(S)" refers to KLLM Transport Services, LLC, including its employees, agents, representatives, consultants and attorneys*) in the United States during the LIABILITY PERIOD (*the term "LIABILITY PERIOD" refers to the date beginning on June 21, 2014 to the present*).

### RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this request as vague, overbroad, ambiguous and not proportional to the needs of the case. Defendant objects to the Plaintiffs' definition of "you" to the extent Plaintiffs attempt to define that term to include "consultants and attorneys" because with "consultants and attorneys" included the interrogatory is attempting to seek information protected under the work-product doctrine and/or attorney-client privilege. Further, read literally, this request could encompass any independent contractor or employee driver who has previously operated a commercial motor vehicle for the Defendant, those who have been employed by the Defendant's own independent contractor drivers/entities, and any person or entity who has worked as a driver for the Defendant's consultants and attorneys.

Defendant objects to the portion of the definition of "Driver" that includes "who worked for YOU as truck drivers" because the definition includes a disputed element of the case as KLLM denies that any driver operating equipment under lease to KLLM "worked for" KLLM as "truck drivers" as it understands Plaintiffs use of those terms.

Defendant further objects to Plaintiffs' definition of the "Liability Period" in Interrogatory No. 1 as the total number of such employee and independent contractors during the entirety of the stated period is irrelevant and not proportional to current needs of

4

this case prior to a class becoming formally certified.

Defendant incorporates its objections to the definitions in paragraphs 1-8 above as if fully set forth herein, and further objects to the extent the Plaintiffs have attempted to broaden the meaning of the terms beyond their ordinary meaning as such linguistic gymnastics are not sanctioned by the Federal Rules of Civil Procedure Rule 33. Therefore, this Interrogatory is not answered based upon the Plaintiffs' definitions, but Defendant relies upon the ordinary meaning of the words used, whether information is responsive to that ordinary meaning and limited to independent contractors who lease equipment to KLLM and elect to drive that equipment for KLLM, an authorized carrier (as defined by the FMCSR).

Subject to and without waiver of these objections, Defendant answers Interrogatory No. 1 as follows: Defendant interprets Interrogatory No. 1 such that it seeks a responsive number that includes the total number of drivers who were classified as independent contractors and spent at least one day operating equipment under lease to KLLM Transport Services, LLC. The answer is that the total number is believed to be 6,910 from June 21, 2014, to May 21, 2018. This number does not include employees (including co-drivers) of any contractor as KLLM leases the equipment and is not concerned with who is operating it as long as they are qualified. Defendant does not concede this number represents the potential number of independent contractors who may be eligible to join any putative class. Defendant has made its best effort to calculate this number in order to timely respond to this Interrogatory but reserves the right to supplement or correct this answer.

**INTERROGATORY NO. 2:**

State the total number of current or former DRIVERS who WORKED for YOU in the United States during the LIABILITY PERIOD, to whom you leased a truck

5

during the LIABILITY PERIOD.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request as vague, overbroad, ambiguous and not proportional to the needs of the case. Defendant objects to the Plaintiffs' definition of "you" to the extent Plaintiffs attempt to define that term to include "consultants and attorneys" because with "consultants and attorneys" included the interrogatory is attempting to seek information protected under the work-product doctrine and/or attorney-client privilege. Further, read literally, this request could encompass any independent contractor or employee driver who has previously operated a commercial motor vehicle for the Defendant, those who have been employed by the Defendant's own independent contractor drivers/entities, and any person or entity who has worked as a driver for the Defendant's consultants and attorneys.

Defendant objects to the portion of the definition of "Driver" that includes "who worked for YOU as truck drivers" because the definition includes an attempt to obtain an admission regarding a disputed element of the case as KLLM denies that any driver operating equipment under lease to KLLM "worked for" KLLM as "truck drivers" as it understands Plaintiffs use of those terms.

Defendant further objects to Plaintiffs' definition of the "Liability Period" in this interrogatory as the total number of such employee and independent contractor drivers during the entirety of the stated period is irrelevant and not proportional to current needs of this case prior to a class becoming formally certified.

Defendant's objections to all defined terms stated in the definitions and incorporates its objections to the definitions in paragraphs 1-8 above as if fully set forth herein, and further objects to the extent the Plaintiffs have attempted to broaden the meaning of the

6

terms beyond their ordinary meaning as such linguistic gymnastics are not sanctioned by the Federal Rules of Civil Procedure Rule 33. Therefore, this Interrogatory is not answered based upon the Plaintiffs' definitions, but Defendant relies upon the ordinary meaning of the words used, whether information is responsive to that ordinary meaning and limited to independent contractors who lease equipment to KLLM and elect to drive that equipment.

Subject to and without waiver of these objections, Defendant answers Interrogatory No. 2 as follows: Defendant interprets Interrogatory No. 2 such that it seeks a responsive number that includes drivers who are classified as independent contractors that spent at least one day in possession of a commercial motor vehicle leased from KLLM Transport Services, LLC. The answer is that the total number is believed to be 6,758 from June 21, 2014, to May 21, 2018. Defendant does not concede this number represents the potential number of independent contractors who may be eligible to join any putative class. Defendant has made its best effort to calculate this number in order to timely respond to this Interrogatory but reserves the right to supplement or correct this answer.

**INTERROGATORY NO. 3:**

DESCRIBE (*As used herein, "DESCRIBE" shall mean, but is not limited to, to give an account of ALL relevant names, titles, information, characteristics, locations, circumstances, attributes, features, traits, qualities, contents, amounts, contexts, and analyses.*) EACH (*the term "Each", masculine includes the feminine and neutral; the singular includes the plural; includes and encompasses "EVERY;" "ANY" includes and encompasses "ALL."*) method YOU use to calculate the pay or pay rate, including any deductions, provided to YOUR DRIVERS during the LIABILITY PERIOD.

7

THIS the 17th day of August, 2018.

          Respectfully submitted,

          KLLM TRANSPORT SERVICES, LLC

          By Its Attorneys

          As to Objections,

          DunbarMonroe, PLLC

          /s/ Clark Monroe
          Clark Monroe

OF COUNSEL:

Clark Monroe (MS Bar# 9810)
Email: gcmonroe@dunbarmonroe.com
Martin Street (MS Bar# 7971)
Email: mstreet@dunbarmonroe.com
Christopher G. Dunnells (MS Bar#105029)
Email: cdunnells@dunbarmonroe.com
*DunbarMonroe, PLLC*
270 Trace Colony Park, Suite A
Ridgeland, Mississippi 39157
Office: (601) 898-2073
Facsimile: (601) 898-2074
Facsimile: (601) 898-2074

STATE OF MISSISSIPPI
COUNTY OF ___Rankin___

    This day personally appeared before me, the undersigned authority in and for said jurisdiction, Brenda Beard, who, being by me first duly sworn states as follows:

    I, Brenda Beard, have read the foregoing Responses to Interrogatories, and know their contents.

    I am the Vice President of Independent Contractor Relations for KLLM Transport Services, LLC. The responses to interrogatories were prepared by or with the assistance of counsel. These responses, subject to inadvertent or undiscovered errors or omissions, are based upon and therefore necessarily limited by the records and information still in existence, presently recollected by and currently available to said party. Consequently, I reserve the right to supplement or amend these responses should supplementation or amendment become necessary. Subject to the limitations set forth herein, these answers are true to the best of my present knowledge, information and belief.

    I declare that the foregoing is true and correct.

                                              _Brenda Beard_

    SWORN TO AND SUBSCRIBED before me, this the __17__ day of August, 2018.

                                              _Deborah A. Blackwell_
                                              Notary Public

My Commission Expires:

__4-3-22__

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that I have this day served the above and foregoing pleading with notice by the Court's CM/ECF electronic case filing system, and an electronic document of the above via e-mail below which has sent notice to the following interested parties:

Gary E. Mason - PHV
gmason@wbmllp.com
Danielle L. Perry - PHV
dperry@wbmllp.com
Whitfield Bryson & Mason, LLP
5101 Wisconsin Ave NW, Ste. 305
Washington, D.C. 20016

Michael Aschenbrener
masch@kamberlaw.com
Kamberlaw, LLC
220 N. Green Street
Chicago, IL 60607

J. Dudley Butler
jdb@farmandranchlaw.com
Butler Farm and Ranch Law Group, PLLC
499A Breakwater Drive
Benton, MS 39039
Tel: (662) 673-0091

Scott Kamber
skamber@kamberlaw.com
KAMBERLAW LLC
142 W 57th Street, 11th Floor
New York, NY 10019

J. Brad Pigott, Esq.
bpigott@pjlawyers.com
Pigott Law Firm, P.A.
775 North Congress Street
Jackson, MS 39202-3009

Joshua H. Haffner
jhh@haffnerlawyers.com
Graham G. Lambert
gl@haffnerlawyers.com
Haffner Law PC
445 S. Figueroa Street, Suite 2325
Los Angeles, CA 90071

THIS the 17th day of August, 2018.

Clark Monroe